IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAD A. BEERS,

                              Petitioner,

          v.                                    CASE NO. 12-3155-RDR

CLAUDE MAYE,

                              Respondent.


## O R D E R

This matter comes before the court on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN).  Petitioner claims his Bureau of Prisons (BOP) record is inaccurate in that it continues to list a pending assault charge against petitioner in Adair County, Oklahoma.  Petitioner provided USPLVN staff documentation showing there was no Adair County charge or warrant pending against him, and in November 2011 the USPLVN Warden told petitioner that the documentation had been verified and that Unit Staff would make note of this in petitioner's file.  Petitioner filed the instant action alleging his BOP record and program review have not been corrected.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has held that § 2241 most

appropriately applies to government action that inevitably affects the duration of the petitioner's custody.  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir.2012); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997).  Section 2241 is not available to challenge administrative decisions affecting the conditions of a prisoner's confinement, such as day-to-day circumstances and prison privileges.  *See e.g. Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir.2001), *vacated as moot*, 268 F.3d 953 (10th Cir.2001)("Prisoners who raise constitutional challenges ... to administrative segregation ... or suspension of privileges ... must proceed under § 1983....").

In the present case, petitioner clearly seeks a correction in his record, but fails to identify how that alleged error adversely impacts him for purposes of seeking relief under § 2241.  Absent supplementation of the petition to show how the alleged error is impacting the duration of his sentence such that habeas corpus would be an appropriate remedy, the court finds the petition is subject to being dismissed without prejudice.  The court grants petitioner an opportunity to supplement the petition to make that necessary showing. The failure to file a timely response may result in dismissal of the petition without further prior notice.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to supplement the petition to avoid summary dismissal of the petition without prejudice.

DATED:  This 26th day of July 2012, at Topeka, Kansas.

s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge